FLETCHER C. ALFORD  (SBN: 152314)
falford@grsm.com
DANIEL S. KUBASAK  (SBN: 222336)
dkubasak@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 875-3115
Facsimile:  (415) 986-8054

ALEXANDER FRANCUZENKO (VA Bar # 36510)
afrancuzenko@cookcraig.com
COOK CRAIG & FRANCUZENKO PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA  22030
Telephone:  (703) 865-7480
Facsimile:  (703) 434-3510
(Appearing *Pro Hac Vice*)

Attorneys for Defendant
JEFFREY S. CICHOCKI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FINKELSTEIN and JENNIFER FINKELSTEIN,<br><br>         Plaintiffs,<br><br>    vs.<br><br>SAN MATEO COUNTY DISTRICT ATTORNEY'S OFFICE, CITY OF SAN MATEO, JEFFREY S. CICHOCKI, NICHOLAS RYAN, and VISHAL D. JANGLA,<br><br>         Defendants. | CASE NO.  3:18-CV-00009-EMC<br><br>**DEFENDANT JEFFREY S. CICHOCKI'S REQUEST FOR LEAVE TO FILE SUR-REPLY REGARDING PLAINTIFFS' MOTION TO STRIKE**<br><br>Date:         May 10, 2018<br>Time:        1:30 p.m.<br>Courtroom:  5, 17th Floor |

Defendant Jeffrey S. Cichocki ("Cichocki") hereby respectfully requests leave to file a Sur-Reply to Plaintiffs' Reply to Defendant Jeffrey S. Cichocki's Opposition to Motion to Strike Affirmative Defenses From Answer to Complaint (Reply) (Dkt 51).

In Plaintiffs' Reply they misrepresent and incorrectly cite to the law applicable to Defendant's ability to file his Amended Answer. Defendant respectfully requests an opportunity

-1-                    Case No. 3:18-cv-00009-EMC
DEFENDANT JEFFREY S. CICHOCKI'S MOTION FOR LEAVE TO FILE A SUR-REPLY

1  to set the record straight regarding the applicable law, as the effect of the Amended Answer has a
2  material effect on the positions of the parties.  In order to expedite this process, Defendant has
3  attached hereto as **Exhibit 1** a copy of the Sur-Reply it requests leave to file.

5  Dated:  April 19, 2018                          GORDON REES SCULLY MANSUKHANI, LLP

7                                                  By   */s/ Daniel S. Kubasak*
                                                        Fletcher C. Alford
8                                                       Daniel S. Kubasak
                                                    Attorneys for Defendant
9                                                   JEFFREY S. CICHOCKI

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1152760/37698914v.1

# EXHIBIT 1

FLETCHER C. ALFORD  (SBN: 152314)
falford@grsm.com
DANIEL S. KUBASAK  (SBN: 222336)
dkubasak@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 875-3115
Facsimile:  (415) 986-8054

ALEXANDER FRANCUZENKO (VA Bar # 36510)
afrancuzenko@cookcraig.com
COOK CRAIG & FRANCUZENKO PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA  22030
Telephone:  (703) 865-7480
Facsimile:  (703) 434-3510
(Appearing *Pro Hac Vice*)

Attorneys for Defendant
JEFFREY S. CICHOCKI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FINKELSTEIN and JENNIFER FINKELSTEIN,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN MATEO COUNTY DISTRICT ATTORNEY'S OFFICE, CITY OF SAN MATEO, JEFFREY S. CICHOCKI, NICHOLAS RYAN, and VISHAL D. JANGLA,<br><br>Defendants. | CASE NO.  3:18-CV-00009-EMC<br><br>**DEFENDANT CICHOCKI'S SUR-REPLY TO PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Date:  May 10, 2018<br>Time:  1:30 p.m.<br>Courtroom:  5, 17th Floor |

Defendant Jeffrey S. Cichocki ("Cichocki") submits the instant sur-reply to the motion of Plaintiffs John Finkelstein and Jennifer Finkelstein (collectively, "Plaintiffs") to strike affirmative defenses from his Answer to Complaint as follows:

/ / /

/ / /

## I. Legal Argument

Although Defendant has a number of issues with Plaintiffs' positions which can be addressed during oral argument, he is compelled to address Plaintiffs' misrepresentation of the law relating to filing of Defendant's Amended Answer. Plaintiff contends that a party may only amend its pleading once as a matter of right "21 days after serving it...," citing Fed. R. Civ. P. 15(a)(1)(A) ("Rule 15") and *Neifeld v. Steinberg*, 438 F.2d 423, 425 n.3. (Reply at 3:28-4:2) Although this may have been the case 50 years ago when *Neifeld* was decided, Plaintiffs fail to acknowledge that Fed. R. Civ. P. was amended in 2009 to allow the exact procedure Defendant followed for amending his answer.

Plaintiffs correctly quote subsection (a)(1)(A) of Rule 15 – however, they completely ignore subsection (a)(1)(B). That subsection states, in pertinent part, that a party may amend its pleading once as a matter of course "21 days after service of a motion under Rule 12(b), (e), or (f)…." Fed. R. Civ. Proc. 15(a)(1)(B). Plaintiffs filed a motion to strike, which is a motion under Rule 12(f)[1], on March, 26, 2018 (Dkt. 41). Thus, in accordance with Rule 15(a)(1)(B), Defendant was allowed to file an amended pleading on or before April 16, 2018. The amended answer was filed on April 9, 2018 – well before this deadline.

This is precisely the situation that the 2009 amendment to Rule 15 was meant to address. As the Notes of Advisory Committee for the 2009 amendment states:

> …the right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f). **This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion.** A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. Fed. R. Civ. P. 15 advisory committee's note (2009 amendment).[2]

This new procedure worked as intended. Plaintiffs filed their motion to strike under Rule 12(f). Defendant reviewed and considered the "wisdom of amending." Defendant then filed an

---

[1] Plaintiff acknowledges as such in its notice of motion, as well as the motion itself (Motion at 2:24-25)

[2] *See also*, *Cmty Banc Mortg. Corp. v. North Salem State Bank*, No. 15-3051, 2015 U.S. Dist. LEXIS 152857, *4 (C.D. Ill Nov. 12, 2015)(noting that "Defendant could have filed, without seeking leave of court, an amended Answer within 21 days of Plaintiff's Motion to Strike Affirmative Defenses (d/e 17), which was brought pursuant to Rule 12(f)…")

-2-    Case No. 3:18-cv-00009-EMC
DEFENDANT CICHOCKI'S SUR-REPLY TO PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Amended Answer that removed 10 affirmative defenses in order to "reduce the number of issues
2  to be decided."
3       Given the 2009 amendment to Rule 15, Defendant was not required to seek consent to
4  file his Amended Answer – as Plaintiffs mistakenly insist.  Defendant followed the procedure set
5  forth in the current Rule 15 – not the version cited by Plaintiffs.  As such, Plaintiffs' claims that
6  the Amended Answer is a nullity and without legal effect are baseless – and a misrepresentation
7  of the law.   Accordingly, the Court should consider the Amended Answer properly filed and as
8  superseding the original Answer.

**II.     Conclusion**

Defendant filed an Amended Answer in full compliance with Federal Rule of Civil Procedure 15(a)(1)(B).  Plaintiffs' contentions to the contrary are a misrepresentation of the law, and should be disregarded.  As the Amended Answer was properly filed, it should be given full force and effect, and should be considered by the Court

Dated:  April 19, 2018               GORDON REES SCULLY MANSUKHANI, LLP


By  */s/ Daniel S. Kubasak*
    Fletcher C. Alford
    Daniel S. Kubasak
Attorneys for Defendant
JEFFREY S. CICHOCKI

1152760/37695298v.1

-3-          Case No. 3:18-cv-00009-EMC
DEFENDANT CICHOCKI'S SUR-REPLY TO PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111