UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FINKELSTEIN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAN MATEO COUNTY DISTRICT ATTORNEY'S OFFICE, et al., <br><br> Defendants. | Case No. 18-cv-00009-EMC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES; GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY; AND REFERRING DISCOVERY** <br><br> Docket Nos. 41, 52 |

Plaintiffs John and Jennifer Finkelstein have filed a § 1983 case against persons and entities who procured and/or assisted in procuring a search warrant against Mr. Finkelstein. Defendants are Jeffrey S. Cichocki, the City of San Mateo, Nicolas Ryan (a City employee), the San Mateo County District Attorney's Office, and Vishal D. Jangla (a County employee). Currently pending before the Court is Plaintiffs' motion to strike affirmative defenses asserted in Mr. Cichocki's answer. The Court held a hearing on the motion on May 10, 2018.

This order memorializes the Court's rulings made at the hearing and provides additional analysis, as necessary.

1. The Court gives Mr. Cichocki leave to file the amended answer located at Docket No. 48. Contrary to what Mr. Cichocki argues in his papers, Federal Rule of Civil Procedure 15(a)(1)(B) does not allow him to amend as a matter of course. Rule 15(a)(1)(B) provides that a party may amend as a matter of course, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). This rule does not apply to Mr. Cichocki because his pleading (an answer) is not one to which a responsive pleading is

required. Nevertheless, the Court gives Mr. Cichocki leave to amend, particularly because there is no prejudice to Plaintiffs. In the amended answer, Mr. Cichocki has now dropped half of the affirmative defenses, which is to Plaintiffs' benefit. As for the remaining defenses, there have been no changes at all; therefore, the Court need not require Plaintiffs to file a new motion to strike but may, as a matter of efficiency, simply consider the arguments that Plaintiffs made in the currently pending motion.

2. Plaintiffs' motion to strike the first affirmative defense (*i.e.*, failure to state a cause of action upon which relief may be granted) is denied. *See Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 945 (N.D. Cal. 2012).

3. Plaintiffs' motion to strike the third affirmative defense (*i.e.*, qualified immunity) is moot. Plaintiffs withdrew their challenge to this defense at the hearing.

4. Plaintiffs' motion to strike the fourth affirmative defense (*i.e.*, compliance with the law) and the eleventh affirmative defense (*i.e.*, public interest and compliance with the law) is granted in part. Mr. Cichocki cannot rely on state law as a defense to Plaintiffs' federal claims. *See Wallis v. Spencer*, 202 F.3d 1126, 1144 (9th Cir. 1999) (finding that lower court erred in applying state statutory immunities to the federal constitutional claims).

5. Plaintiffs' motion to strike the seventh affirmative defense (*i.e.*, denial of allegations related to punitive damages and an award of punitive damages would be unconstitutional) is granted. A denial of allegations related to punitive damages is not a "true" affirmative defense (*i.e.*, a defense for which the defendant bears the burden of proof). The contention that punitive damages would be unconstitutional is premature. Although the Court is formally striking this affirmative defense, Mr. Cichocki is not barred from challenging the claim for punitive damages during this lawsuit, including on the grounds raised in this defense.

6. Plaintiffs' motion to strike the ninth affirmative defense (*i.e.*, failure to mitigate damages) is granted. This ruling, however, does not preclude Mr. Cichocki from raising this defense should discovery reveal a factual basis for the defense.

7. Plaintiffs' motion to strike the twelfth affirmative defense (*i.e.*, good faith) is granted. The defense, as clarified in Mr. Cichocki's papers, is duplicative of the qualified

1  immunity defense. *See Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982) ("Qualified or 'good faith' immunity is an affirmative defense that must be pleaded by a defendant official.").

8. Plaintiffs' motion to strike the fifteenth and sixteenth affirmative defenses (*i.e.*, intervening or superseding cause) is granted. These are not "true" affirmative defenses. However, Mr. Cichocki is not precluded from raising these defenses during the litigation.

9. The Court orders all relevant and material information to be preserved, including but not limited to information in electronic form.

10. The parties shall meet and confer regarding preservation of existing data on Plaintiffs' electronic devices (*e.g.*, Defendants to pay the cost of making a "mirror image" of such devices). Such information shall be maintained under seal and not discoverable absent further order of the Court or a discovery judge. The parties shall report back by May 15, 2018, regarding their meet-and-confer efforts. Given the Court's guidance at the hearing, the Court expects there to be no or extremely limited disputes.

11. All future discovery disputes are hereby referred to a magistrate judge for resolution, except that the Court shall resolve any dispute related to ¶ 10 above.

This order disposes of Docket Nos. 41 and 52.

**IT IS SO ORDERED**.

Dated: May 14, 2018

EDWARD M. CHEN
United States District Judge