UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FINKELSTEIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAN MATEO COUNTY DISTRICT ATTORNEY'S OFFICE, et al.,<br><br>Defendants. | Case No. 18-cv-00009-EMC<br><br>**ORDER RE DISCOVERY LETTERS OF MAY 14 AND 16, 2018**<br><br>Docket Nos. 58-59 |

Previously, the Court stated that it would permit imaging of at least some of Plaintiffs' electronic devices in order to preserve existing data on such devices. The Court ordered the parties to meet and confer regarding preservation of such data and to report back on the results of the meet and confer by May 15, 2018. On May 14, 2018, Plaintiffs filed a letter effectively objecting to the Court's ruling that it would allow some imaging. Plaintiffs also made additional arguments. On May 16, 2018, Defendants filed their own letter, arguing, *inter alia*, that a full and complete meet and confer had not taken place and asking for additional time to respond to Plaintiffs' letter.

Based on the Court's review of the letters, it appears that the parties did not adequately meet and confer. The parties met and conferred immediately after the May 10, 2018, hearing and CMC and thereafter exchanged some information (*e.g.*, regarding identification of devices and experts) but then a follow-up meet and confer to discuss the exchange of information did not take place. Accordingly, the Court orders the parties to further meet and confer before filing a **joint** letter reporting back on the result on the meet and confer.

To the extent Plaintiffs have objected to the Court's prior ruling that it would allow some imaging, that is, in effect, a request for reconsideration. Plaintiffs have failed to show that they

meet the standard for reconsideration. *See* Civ. L.R. 7-9(b). Moreover, even if they did, on the merits, their argument would still fail

There is no dispute that Plaintiffs have a duty to preserve that extends to information on electronic devices. At the prior hearing, Plaintiffs admitted that, in the regular use of their devices, information would be overwritten – *i.e.*, information would *not* be preserved. It was only because Plaintiffs did not want to stop using their electronic devices that the Court held that it would allow forensic imaging of at least some devices – and at no monetary cost to Plaintiffs.[1] *Cf.* Fed. R. Civ. P. 37(e), 2015 Advisory Committee Notes (noting, *inter alia*, that "the prospect of litigation may call for reasonable steps to preserve information by intervening in . . . routine operation" of an electronic information system and that a "court should be sensitive to party resources" as "aggressive preservation efforts can be extremely costly").

Plaintiffs' reliance on *John B. v. Goetz*, 531 F.3d 448 (6th Cir. 2008), is unavailing. First, while the Sixth Circuit indicated that imaging, "if at all appropriate, should be employed in a very limited set of circumstances," that was only because "litigants are generally responsible for preserving relevant information on their own." *Id.* at 459. As noted above, here, Plaintiffs do not want to stop the regular use of their devices, which has necessitated the imaging. *Compare id.* at 460 (noting that "nothing in the record indicates that defendants are unwilling, or will refuse, to preserve and produce all relevant ESI in the future"). Second, the Sixth Circuit stated that "'[c]ourts have been cautious in requiring the mirror imaging of computers where the request is extremely broad in nature and the connection between the computers and the claims in the lawsuit are unduly vague or unsubstantiated in nature.'" *Id.* at 459-60. But here, the Court has limited Defendants' imaging request by indicating that there should be sampling of electronic devices – *i.e.*, not all devices will be imaged. The Court has emphasized that it is *not* at this juncture ordering the inspection, let alone production, of any information, particularly because of privacy

---

[1] To the extent Plaintiffs now argue a nonmonetary burden – *i.e.*, they will be deprived of the ability to use their devices while they are being imaged – the Court is not unsympathetic. However, (1) the need for imaging is because Plaintiffs do not want to cease regular use of their devices; (2) the Court is not ordering imaging of all devices, but rather a sampling; and (3) Plaintiffs have failed to show that imaging is a process that would take an unduly long period of time (particularly if their own expert does the imaging).

2

concerns. Finally, in *Goetz*, the Sixth Circuit was confronted with a unique set of facts: The district court's order permitted "plaintiffs' computer expert, accompanied by deputy U.S. Marshals, to enter state agencies,[2] and the offices and homes of state officials, to make forensic images of hard drives and other devices, whether state-owned or privately owned, that contain information relevant to the instant litigation." *Id.* at 460. Thus, the court noted that the lower court's discovery orders "implicate[d] federalism and comity considerations not present in typical civil litigation." *Id.* at 461.

The Court therefore shall allow, as it previously ordered, imaging of a sampling of Plaintiffs' electronic devices. The parties shall meet and confer regarding, *e.g.*, which expert will do the imaging and which devices will be imaged. As to the first issue, it seems reasonable for Plaintiffs' expert to do the imaging in order to minimize the intrusiveness on Plaintiffs and to ensure that the imaging process is completed with minimal inconvenience. This assumes, of course, that the expert's fee is reasonable (as Defendants will cover that cost) and that there is no substantial and legitimate basis for Defendants to object to the expert.

Given the guidance previously provided by the Court and now provided here, the parties should be able to resolve this discovery dispute without further intervention from the Court. The parties shall report back on their meet and confer via **joint** letter by May 24, 2018. If any disputes remain, then the parties shall state what each dispute is, the last offer of compromise made by each party regarding that dispute, and what each party's position is on the dispute. Any party that takes an unreasonable or unwarranted position risks being sanctioned.

This order disposes of Docket Nos. 58 and 59.

**IT IS SO ORDERED**.

Dated: May 17, 2018

EDWARD M. CHEN
United States District Judge

---

[2] The defendants in *Goetz* were state officials.

3