UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FINKELSTEIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAN MATEO COUNTY DISTRICT ATTORNEY'S OFFICE, et al.,<br><br>Defendants. | Case No. 18-cv-00009-EMC<br><br>**ORDER GRANTING COUNTY DEFENDANTS' MOTION TO STAY; VACATING DEADLINES; AND RESCHEDULING HEARING ON CITY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Docket No. 108 |

The County Defendants have moved to stay the proceedings against them, largely based on the appeal of the Court's qualified immunity decision as to D.D.A. Jangla.[1] In their motion, the County Defendants suggest that the Court should stay proceedings not only as to them, but also as to all defendants, in the interest of judicial economy. Plaintiffs have endorsed a stay as all proceedings pending the appeal by D.D.A. Jangla.

Because both the County Defendants and Plaintiffs were in agreement, the Court asked the remaining defendants to weigh in on the issue. The remaining defendants – *i.e.*, the City Defendants and Detective Cichocki – agree that the case should be stayed pending D.D.A. Jangla's appeal but assert that the Court should first rule on their respective motions for summary judgment, which are currently set for hearing on February 7 and 21, 2019. The defendants note

---

[1] *See, e.g.*, *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (noting that "district court's denial of a claim of qualified immunity, to the extent it turns on an issue of law," is a collateral order that may be immediately appealed); *Kennedy v. Ridgefield City*, 439 F.3d 1055, 1060 (9th Cir. 2006) (noting that, "[w]hile the district court concluded that issues of fact remain, those disputed facts are not the basis of Shields's interlocutory appeal before this court[;] [r]ather, Shields contends that, even after resolving the issues of fact in Kennedy's favor, Kennedy will not have demonstrated that Shields violated her clearly established, constitutional right" and this is an "'abstract issue of law relating to qualified immunity'").

that their motions also raise qualified immunity issues and, if the Court were to rule against them on qualified immunity, as it did with D.D.A. Jangla, they would likely appeal as well, and it would make sense to have all defendants' appeals consolidated and heard before the Ninth Circuit at the same time.

Taking into account, *inter alia*, the above circumstances, the Court **GRANTS** the County Defendants' motion to stay proceedings as to them and **VACATES** the hearing on the motion. The Court shall proceed with the motions for summary judgment filed by the City Defendants and Detective Cichocki but, after ruling on the motions, shall stay all proceedings. If the Court were to rule in these defendants' favor on all grounds, then a stay would be appropriate because the only defendants in the case would be the County Defendants. If the Court were to rule in the Finkelsteins' favor, either in whole or in part, it would not make sense to proceed with a trial – even if the City Defendants and Detective Cichocki did not appeal[2] – because it would be inefficient to split the proceedings against the City Defendants and Detective Cichocki from the proceedings against the County Defendants.

Based on the above ruling, the Court **VACATES** the expert discovery deadlines, as well as all other deadlines (including trial) pending the appeal, and the parties' stipulation at Docket No. 117, which suggests a continuation of expert discovery deadlines to specific dates, is moot.

Finally, the Court hereby **RESCHEDULES** the hearing on the City Defendants' motion for summary judgment. More specifically, the motion shall now be heard on February 21, 2019, at 1:30 p.m. (*i.e.*, the same day and time as the hearing for Detective Cichocki's motion for

///

///

///

///

///

---

[2] Of course, if the Court made qualified immunity rulings in favor of the Finkelsteins, then, as defendants assert, they would likely appeal, in which case a stay would make sense so that all appeals could be considered by the Ninth Circuit together.

2

summary judgment). The briefing schedule, however, for both motions for summary judgment remains the same.

This order disposes of Docket No. 108.

**IT IS SO ORDERED**.

Dated: January 18, 2019

_____
EDWARD M. CHEN
United States District Judge